PEOPLE v JAMES

Docket No. 266521. Submitted August 9, 2006, at Grand Rapids. Decided
    August 29, 2006, at 9:10 a.m.

    William F. James pleaded guilty of armed robbery in the Kent Circuit
    Court, then requested appointment of appellate counsel to appeal
    his conviction. The trial court, Dennis C. Kolenda, J., denied the
    request pursuant to MCL 770.3a, which prohibited a court from
    appointing appellate counsel for a defendant who had pleaded
    guilty except under limited circumstances. After the United States
    Supreme Court held in *Halbert v Michigan*, 545 US 605 (2005),
    that denying appellate counsel to indigent defendants under MCL
    770.3a was unconstitutional, the defendant submitted additional
    requests for counsel, which the trial court again denied, first on
    the ground that the defendant had not established his indigence,
    then on the ground that *Halbert*'s holding was not binding. The
    trial court ultimately granted the defendant's request for counsel
    after the Court of Appeals granted the defendant's delayed appli-
    cation for leave to appeal the previous denials, although the
    defendant filed his appellate brief in propria persona.

        The Court of Appeals *held*:

        1. Although appellate counsel has now been appointed for the
    defendant, which renders the issue of right to counsel moot, it is
    appropriate to address the issue because it pertains to similarly
    situated defendants and is capable of repetition that evades
    judicial review.

        2. The defendant was entitled to appointed appellate counsel
    because the statute under which the trial court denied the defen-
    dant's request for counsel, MCL 770.3a, has since been ruled
    unconstitutional by the United States Supreme Court.

        3. The defendant could not have waived his right to appellate
    counsel because that right did not exist at the time he pleaded
    guilty.

        Reversed and remanded for further proceedings.

        ZAHRA, P.J., concurred with the majority's conclusion that the
    defendant was entitled to the appointment of appellate counsel,
    but would not have reached the issue because the case is moot, and

would have affirmed the trial court order that ultimately granted the defendant's request for counsel rather than reversing the previous order that denied the request.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Kent County Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the people.

William James *in propria persona*.

Amici Curiae:

*Terence R. Flanagan*; *Mark R. Granzotto*; *David A. Moran*; *James E. Czarnecki, II*; *Michael J. Steinberg*; and *Kary L. Moss*, for the American Civil Liberties Union Fund of Michigan.

*Gilbert, Smith & Borrello, PC* (by *André R. Borrello*), for the 10th Judicial Circuit Court and the Saginaw County Prosecuting Attorney.

Before: ZAHRA, P.J., and NEFF and OWENS, JJ.

PER CURIAM. Defendant appeals by leave granted an order of the circuit court denying his request for the appointment of appellate counsel to pursue an appeal of his guilty-plea conviction of armed robbery, MCL 750.529. Although the court ultimately reversed its decision and granted defendant's request, we conclude that the circuit court's denial of appellate counsel and its reasoning are contrary to the United States Supreme Court's decision in *Halbert v Michigan*, 545 US 605, ___; 125 S Ct 2582, 2586; 162 L Ed 2d 552 (2005), which held "that the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who

seek access to first-tier review in the Michigan Court of Appeals."

The circuit court has since appointed counsel for defendant, rendering the appointment of counsel a moot question with respect to defendant, but we nevertheless address the issue presented because it is one that pertains to similarly situated defendants, and is capable of repetition, yet may evade judicial review.[1] *Federated Publications, Inc v City of Lansing*, 467 Mich 98, 112; 649 NW2d 383 (2002).

## I. FACTS AND PROCEDURAL HISTORY

Defendant pleaded guilty of armed robbery on November 15, 2004, and was sentenced on December 13, 2004, by Judge Dennis Kolenda of the Kent Circuit Court, to 10 to 20 years' imprisonment. Defendant requested the appointment of appellate counsel within 42 days of sentencing,[2] but Judge Kolenda denied his request pursuant to then-existing Michigan law, MCL 770.3a.

On June 23, 2005, the Supreme Court decided *Halbert*, in which it held that the denial of appellate counsel to indigent defendants under MCL 770.3a violated the constitutional right to due process and

---

[1] As the concurrence notes, defendant timely filed an application for leave to appeal in this Court in propria persona after the trial court wrongfully denied appointed counsel pursuant to *Halbert*. However, we fail to see how defendant's preservation of this issue in propria persona renders judicial review of the violation of his constitutional rights "wholly unnecessary."

[2] MCR 6.425(F)(1)(c) formerly provided that " '[i]n a case involving a conviction following a plea of guilty or nolo contendere the court should liberally grant the request [for appointed counsel] if it is filed within 42 days after sentencing.' " *People v Bulger*, 462 Mich 495, 505; 614 NW2d 103 (2000). However, MCR 6.425 has since been amended to more accurately reflect the holding of the United States Supreme Court in *Halbert, supra*. MCR 6.425, staff comment to December 2005 Amendment.

equal protection. At the time *Halbert* was decided, defendant was still entitled to file a delayed application for leave to appeal his conviction in this Court under the 12-month rule of MCR 7.205(F)(3). Defendant resubmitted his request for the appointment of counsel to the circuit court on July 5, 2005, and it was again denied by Judge Kolenda on the grounds that answering "n/a" to the income and assets questions precluded a finding that defendant was indigent.

On July 29, 2005, defendant resubmitted his request for appointed counsel for a third time, with an attached trust account statement from his current place of incarceration as proof of his indigence. On September 27, 2005,[3] Judge Kolenda issued a 20-page opinion, addressing the decision in *Halbert* and essentially concluding that *Halbert* does not require the appointment of appellate counsel for defendants convicted by plea before *Halbert* was decided, and that any discussion in *Halbert* concerning waiver was obiter dictum and, therefore, not binding on the circuit court. Judge Kolenda held that defendant explicitly waived his right to the appointment of appellate counsel.[4]

On January 20, 2006, this Court granted defendant's delayed application for leave to appeal Judge Kolenda's order denying the appointment of appellate counsel. On March 6, 2006, however, Judge Kolenda entered an order directing that appellate counsel be appointed to represent defendant in all further proceedings in this appeal as required by MCL 770.3a(2)(c), noting that

---

[3] The corrected opinion, referenced herein, was filed on January 12, 2006.

[4] In the opinion and order, Judge Kolenda denied the requests for the appointment of appellate counsel from defendant and ten other defendants, deciding that defendant and five other similarly situated defendants had explicitly waived the right to appellate counsel.

defendant had finally established his financial inability
to retain counsel by his filing of March 3, 2006.[5]

## II. THE RIGHT TO APPOINTED COUNSEL IN MICHIGAN

In November 1994, Michigan voters approved an
amendment to the state constitution to provide that
"an appeal by an accused who pleads guilty or nolo
contendere shall be by leave of the court . . . ." Const
1963, art 1, § 20; *People v Bulger*, 462 Mich 495, 504;
614 NW2d 103 (2000).[6] Following the amendment,
" 'several Michigan state judges began to deny ap-
pointed appellate counsel to indigents' convicted by
plea." *Halbert, supra* at 2586, quoting *Kowalski v
Tesmer*, 543 US 125, 127; 125 S Ct 564; 160 L Ed 2d 519
(2004). Lacking legislative guidance clarifying the right
to the appointment of counsel in light of the constitu-
tional amendment, the Michigan Supreme Court
adopted MCR 6.425(F)(1)(c), which directed that courts
liberally grant requests for counsel in guilty plea cases
if filed within 42 days of sentencing. *Bulger, supra* at
505-506.

Subsequently, in 1999, the Michigan Legislature en-
acted statutory provisions governing the appointment
of counsel, which were codified at MCL 770.3a. 1999 PA
200; *Bulger, supra* at 506. The statutory amendments
required the appointment of appellate counsel in guilty
plea cases in certain defined circumstances, permitted
appointment in another, and otherwise provided that

[5] Although appellate counsel was appointed for defendant, his brief in
this appeal was filed in propria persona, apparently without the involve-
ment of appellate counsel.

[6] Before the amendment, all defendants convicted of a crime were
entitled to an appeal by right. *Bulger, supra* at 503. The elimination of
appeals by right was proposed as a means of controlling the overwhelm-
ing caseload in this Court, which in 1992 had a backlog of some 4,000
cases awaiting decision. *Id.* at 504.

appellate counsel shall not be appointed. *Id.* The amendments became effective April 1, 2000. *Id.*

Under MCL 770.3a, a court was prohibited from appointing appellate counsel for a defendant who pleaded guilty, guilty but mentally ill, or nolo contendere, except under limited, specified circumstances. MCL 770.3a(2)[7] and (3).[8] Of particular importance to this case is MCL 770.3a(4), which required that the court advise a defendant that the right to appointed counsel was waived by a guilty plea:

> While establishing that a plea of guilty, guilty but mentally ill, or nolo contendere was made understandingly and voluntarily under Michigan Court Rule 6.302 or its successor rule, and before accepting the plea, the court shall advise the defendant that, except as otherwise provided in this section, if the plea is accepted by the court, the defendant waives the right to have an attorney appointed at public expense to assist in filing an application for leave to appeal or to assist with other postconviction remedies, and shall determine whether the defendant understands the waiver. Upon sentencing, the court shall furnish the defendant with a form developed by the state court administrative office that is nontechnical and easily understood and that the defendant may complete and file as an application for leave to appeal.

---

[7] Subsection 2 *required* a court to appoint appellate counsel if (1) the prosecuting attorney seeks leave to appeal, (2) the defendant's sentence exceeds the upper limit of the minimum sentence range of the applicable sentencing guidelines, (3) the court of appeals or the supreme court grants the defendant's application for leave to appeal, or (4) the defendant seeks leave to appeal a conditional plea under MCR 6.301(C)(2) or its successor rule.

[8] Subsection 3 *permitted* a court to appoint appellate counsel in three instances: (1) the defendant seeks leave to appeal a sentence based on an alleged improper scoring of an offense variable or prior record variable, (2) the defendant objected to the scoring or otherwise preserved the matter for appeal, or (3) the sentence imposed by the court constitutes an upward departure from the upper limit of the minimum sentence range that the defendant alleges should have been scored.

It is not disputed that at the time of defendant's plea and sentencing in this case, MCL 770.3a governed his right to the appointment of appellate counsel. Further, the Michigan Supreme Court had considered and rejected the claim that the federal constitution imposed any requirement for the appointment of appellate counsel for guilty-plea defendants seeking leave to appeal to this Court. *Bulger, supra* at 511-516. Reviewing United States Supreme Court decisions, particularly *Douglas v California,* 372 US 353; 83 S Ct 814; 9 L Ed 2d 811 (1963), and *Ross v Moffitt,* 417 US 600; 94 S Ct 2437; 41 L Ed 2d 341 (1974), the *Bulger* Court held that no right to appellate counsel was required under federal law:

> Despite the muddled state of its jurisprudence, we adhere to our duty to attempt to understand and apply what the Supreme Court has opined regarding the right of meaningful access [to review]. As explained below, we conclude that meaningful access does not require the appointment of counsel for defendants who seek discretionary leave to appeal from their guilty pleas. Our current system already provides those defendants with an adequate opportunity to present their claims fairly. [*Id.* at 516.]

In accordance with existing Michigan law at the time of defendant's plea, Judge Kolenda advised defendant pursuant to MCL 770.3a(4) that his guilty plea waived the right to appointed counsel to assist in filing an application for leave to appeal or to assist with other postconviction remedies.

### III. *HALBERT*

In *Halbert,* the United States Supreme Court rejected the Michigan Supreme Court's view of the right to appointed counsel in seeking appeal in this Court, holding that indigent defendants who plead guilty or nolo contendere in a Michigan court have a federal

constitutional right to the appointment of appellate counsel with regard to first-tier review in this Court. *Halbert, supra* at 2586. *Halbert* involved the appeal of Antonio Dwayne Halbert, a Michigan defendant convicted on his plea of nolo contendere. *Id.* Following his plea, Halbert sought the appointment of counsel to assist him in applying for leave to appeal in this Court. The trial court and this Court denied his requests, and the Michigan Supreme Court declined review. *Id.*

On appeal to the United States Supreme Court, Halbert argued that an appeal to this Court ranks as a first–tier appellate proceeding requiring the appointment of counsel under *Douglas.* However, the state argued that appeal to this Court is discretionary and, therefore, under *Ross*, counsel need not be appointed. The Court agreed with Halbert, classifying an appeal to this Court as a "first-tier" review such that the Due Process and Equal Protection clauses required the appointment of counsel for defendants convicted on their pleas. *Id.* Accordingly, the Court concluded that Halbert's case was properly ranked with *Douglas*, as an appeal of right, rather than with *Ross*, as a discretionary appeal. *Id.*

The Supreme Court began its analysis by reiterating the due process and equal protection principles underlying criminal appeals. *Id.* at 2586-2587. The Court observed that the federal constitution imposes no obligation on the states to provide appellate review of criminal convictions. *Id.* at 2586. However, "[h]aving provided such an avenue," "a State may not 'bolt the door to equal justice.' " *Id.*, quoting *Griffin v Illinois,* 351 US 12, 24; 76 S Ct 585; 100 L Ed 891 (1956) (Frankfurter, J., concurring in judgment). Decisions so holding appropriately reflect due process and equal protection concerns. " 'The equal protection concern

relates to the legitimacy of fencing out would-be appellants based solely on their inability to pay core costs,' while '[t]he due process concern homes in on the essential fairness of the state-ordered proceedings.' " *Id.* at 2587 (citation omitted). Consequently, when a state deems it wise and just that convictions are susceptible to review, it may not, by forcing exactions from indigent persons, draw a line that precludes them from securing such review. *Id.* at 2586-2587.

Looking to the Michigan two-tier appellate system, the Supreme Court observed that the Michigan Supreme Court hears appeals by leave only. *Id.* at 2587-2588. Further, although before 1994 this Court adjudicated appeals as of right from all criminal convictions, following the state constitutional amendment of 1963 Const, art 1, § 20, a defendant convicted by plea who seeks leave to appeal to this Court must file an application for leave pursuant to MCR 7.205 and MCL 770.3a(2) and (3). *Halbert, supra* at 2588. In responding to an application for leave, this Court may grant or deny the application, enter a final decision, or grant other relief. *Id.* The Supreme Court observed, however, that this Court routinely denies applications for leave on the basis of " 'lack of merit in the grounds presented.' " *Id.*

Comparing the Michigan appellate system with those addressed in *Douglas* and *Ross*, the Court concluded that *Douglas* provided the controlling instruction. *Id.* at 2590. The Court noted that in *Douglas*, which held that a state is required to appoint counsel for an indigent defendant's first-tier appeal as of right, two considerations were key to its decision. First, the appeals at issue entailed an adjudication on the merits. Second, first-tier review differs from subsequent reviews because the claims have once been presented by appellate counsel and reviewed by an appellate court. *Id.* at 2587.

Similarly, two aspects of review by this Court mandated
that the rule of *Douglas* governed Halbert's case. First,
in deciding an application for leave to appeal, this Court
looks to the merits of the claims made in the applica-
tion. Second, indigent defendants seeking review in this
Court are generally ill-equipped to represent them-
selves. *Id.* at 2590. Whether characterized as a decision
of an appeal or a disposition on an application for leave,
this Court's "ruling on a plea-convicted defendant's
claims provides the first, and likely the only, direct
review the defendant's conviction and sentence will
receive." *Id.* at 2591.

The Supreme Court expressly rejected the *Bulger*
Court's view that a pro se defendant seeking discretion-
ary review in this Court is adequately armed because he
or she will have a transcript, trial counsel's framing of
the issues in a motion to withdraw, and the trial court's
ruling on the motion. *Id.* at 2592. Observing that
materials prepared by trial counsel are no substitute for
an appellate lawyer's aid, the Court emphasized that
the assistance of counsel in presenting a plea-convicted
defendant's claims to this Court was essential for any
meaningful access to review. *Id.* at 2592-2593. The
Court further noted that Michigan's procedures for
seeking leave to appeal after sentencing on a plea may
intimidate the uncounseled, particularly given the legal
complexities of the application form and requirements.
*Id.* at 2593-2594. "Without guides keyed to a court of
review, a *pro se* applicant's entitlement to seek leave to
appeal to Michigan's intermediate court may be more
formal then real." *Id.* at 2592.

Having decided that plea-convicted defendants were
entitled to appointed counsel, the *Halbert* Court next
considered the state's argument that, even if Halbert
had a constitutionally guaranteed right to appointed

counsel for first-level appellate review, he waived that right. The Court rejected this argument. *Id.* at 2594.

First and foremost, the Court observed that at the time Halbert entered his plea, he, like other Michigan defendants convicted on their pleas, had no recognized right to appointed appellate counsel. Accordingly, he could not elect to forgo this right. Secondarily, the Court noted that the trial court did not simply and directly advise Halbert that in his case there would be no access to appellate counsel. *Id.* In regard to the second point, the Court cited *Iowa v Tovar*, 541 US 77, 81; 124 S Ct 1379; 158 L Ed 2d 209 (2004), for the proposition that a waiver of the right to counsel must be a knowing, intelligent act done with sufficient awareness of the relevant circumstances. *Halbert, supra* at 2594. In addressing the dissent, the majority rejected the argument that a conditional waiver was effected in Halbert's case, i.e., a waiver in which the defendant agrees that if he has a right, he waives it. *Id.* at 2594 n 7.

Given the Supreme Court's consideration of MCL 770.3a and the detailed reasoning in *Halbert*, there can be no credible dispute that *Halbert* governs the circumstances of this case with regard to defendant's essential right to appointed counsel in seeking leave to appeal in this Court.[9] Nonetheless, the circuit court repeatedly denied defendant's request for appointed counsel to seek leave to appeal in this Court, ultimately concluding that despite the Supreme Court's decision in *Halbert*, defendant had waived his right to appointed counsel in pleading guilty.

---

[9] The circuit court held that *Halbert* applied retroactively to defendant's case, which was not final at the time *Halbert* was decided. See MCR 7.205(F)(3). This ruling has not been appealed; we therefore do not consider whether *Halbert* applies retroactively and, if so, to what extent.

IV. THE CIRCUIT COURT'S FINDING OF WAIVER

Despite its view that the decision in *Halbert* was incorrect, the circuit court acknowledged in its opinion that *Halbert* authoritatively held that defendants who plead guilty or nolo contendere in Michigan are entitled to court-appointed appellate counsel. However, the circuit court concluded that the discussion of waiver in *Halbert* was, with respect to anyone other than Halbert, merely dictum and, therefore, not binding on any other court.

The circuit court observed that *Halbert* did not authoritatively determine that a guilty-plea defendant cannot waive the right to appointed counsel. The court also found *Halbert* factually distinguishable from defendant's case with respect to waiver because defendant was "told in so many words" that his proffered plea would preclude the appointment of appellate counsel. On the contrary, in the circuit court's view, Halbert was only told that he could have appointed counsel in some circumstances and was never told that his plea would preclude appointed counsel in all other instances. Accordingly, the circuit court concluded that the discussion of waiver in *Halbert* was dictum because, since Halbert did not waive any right, the validity of the waiver was irrelevant to the outcome, making the discussion of validity of the waiver dictum.

The circuit court took issue with what it viewed as the *Halbert* majority's analysis of waiver, stating: "The majority opinion in *Halbert* cites no authority whatsoever for the proposition that a constitutional right cannot be waived before recognized by the Supreme Court of the United States, and that proposition is, frankly, illogical," and incorrect. The circuit court concluded that the fact that defendant was told that he would waive the right to appointed counsel at a time

when that right was not yet recognized by the Supreme Court did not invalidate defendant's waiver. The court apparently reasoned that because the right to appointed counsel was disputed among the trial courts and thus arguable, defendant could relinquish that right as through a forfeiture, which is "waiver by inaction." That is, the uncertainty of the right to appointed counsel placed guilty-plea defendants on notice that they might have a right, and therefore, given what they were told concerning waiver pursuant to MCL 770.3a(4), their pleas were an intelligent decision to forgo pursuing that right. The court concluded that if the discussion of waiver in *Halbert* was not dictum, then defendant explicitly waived his right to appointed counsel, and *Halbert* did not preclude giving effect to the waiver.

We find the circuit court's reasoning flawed and contrary to the law of waiver. We conclude that the discussion of the validity of waiver in *Halbert* is not dictum. "Obiter dictum is defined as '[a] judicial comment made during the course of delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential . . . .'" *People v Williams*, 475 Mich 245, 251 n 1; 716 NW2d 208 (2006), quoting Black's Law Dictionary (7th ed). In *Halbert*, the issue whether Halbert validly waived his right to counsel was presented and considered, and was necessary to the decision. Had the Court found a valid waiver, i.e., that Halbert knowingly and intelligently acted to forgo the right to appointed counsel with sufficient awareness of the relevant circumstances, Halbert would not be entitled to a remand for further proceedings. The Court's analysis and conclusion logically reasoned that if no right exists, it follows that one cannot knowingly and intelligently elect to forgo that right. *Halbert, supra* at 2594.

Moreover, we disagree with the analogy drawn by the circuit court between defendant's relinquishment of his right to appointed counsel and, in the court's words, "forfeiture, which is 'waiver by inaction.' " Michigan law clearly distinguishes between "forfeiture" and "waiver." " 'Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." ' " *People v Carines*, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999), quoting *United States v Olano*, 507 US 725, 733; 113 S Ct 1770; 123 L Ed 2d 508 (1993). The fundamental reasoning concerning waiver in *Halbert* applies equally in defendant's case, but principles of forfeiture do not. The dispositive question in this case then is whether the circuit court erred in holding that defendant waived his right to appointed counsel under the holding and analysis in *Halbert*.

### V. DEFENDANT'S WAIVER CLAIM

Defendant argues that the denial of appointed appellate counsel following his guilty plea was contrary to the decision in *Halbert* because defendant, like Halbert, entered his plea at a time when Michigan did not recognize a guilty-plea defendant's right to appointed appellate counsel. Accordingly, defendant did not waive his right because there was no recognized right that he could elect to forgo. Given the analysis and resolution of the waiver issue in *Halbert*, we agree.

While it is true that the advisements of the lower court concerning the appointment of counsel to Halbert were different from those provided in this case to defendant, we conclude that any distinction does not warrant a different result. The circuit court erred in

concluding that defendant waived his right to appointed appellate counsel.

The waiver of counsel in this case was compelled by MCL 770.3a. The *Halbert* Court, in effect, found MCL 770.3a unconstitutional as applied. Further, in its concluding note in the opinion, the *Halbert* majority rejected the statute's exaction of a waiver of the appointment of appellate counsel, MCL 770.3a(4), for all indigent defendants who enter a guilty plea:

> We are unpersuaded by the suggestion that, because a defendant may be able to waive his right to appeal entirely, Michigan can consequently exact from him a waiver of the right to government-funded appellate counsel. See Tr. of Oral Arg. 14. Many legal rights are "presumptively waivable," *post,* at 2602 (THOMAS, J., dissenting), and if Michigan were to require defendants to waive all forms of appeal as a condition of entering a plea, that condition would operate against moneyed and impoverished defendants alike. A required waiver of the right to appointed counsel's assistance when applying for leave to appeal to the Michigan Court of Appeals, however, *would accomplish the very result worked by [MCLA] 770.3a* (West 2000): It would leave indigents without access to counsel in that narrow range of circumstances in which, our decisions hold, the State must affirmatively ensure that poor defendants receive the legal assistance necessary to provide meaningful access to the judicial system. See *Douglas, [supra,]* 372 U.S., at 357-358, 83 S. Ct. 814; *M.L.B. [v S.L.J.],* 519 U.S. [102], at 110-113, 117 S Ct 555 [136 L. Ed. 2d 473]; cf. *Griffin v Illinois,* 351 U.S. 12, 23, 76 S. Ct. 585, 100 L. Ed. 891 (1956) (Frankfurter, J., concurring in judgment) (ordinarily, "a State need not equalize economic conditions" between criminal defendants of lesser and greater wealth). [*Halbert, supra* at 2594 n 8 (emphasis added).]

Under the circumstances of this case, the pronouncements in *Halbert* and the principles of waiver result in but one conclusion: defendant did not intentionally

relinquish a known right. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000).

It is noteworthy that our resolution of the question presented in this case has the support of both the prosecution and amici curiae. While not expressly conceding error in this case, the prosecution concurs with our conclusion that the circuit court erroneously applied waiver principles to deny appellate counsel to guilty-plea defendants who still timely file a delayed application for leave to appeal. The prosecution agrees that the *Halbert* Court deliberately decided the issue of waiver in circumstances analogous to this case, and that the Court's discussion of waiver is an authoritative holding of the United States Supreme Court, not dictum:

> The waiver of counsel in this case was one that was compelled by the language of MCL 770.3a. That was the statute found by the United States Supreme Court to be unconstitutional. We do not believe that such a waiver, compelled by a statute struck down by the Supreme Court, can be considered "the intentional relinquishment of a known right," [*Carter, supra* at 215]. And since the trial court's decision is contrary to the position we have taken on the issue of dictum in other cases before this Court, we believe that we cannot honorably advance any other argument in favor of the trial court's position. [Plaintiff's brief, p 5.]

Likewise, our resolution of this case is supported by the amici curiae briefs filed in this appeal. Amicus curiae American Civil Liberties Union Fund of Michigan advances the position that the discussion of waiver in *Halbert* was fundamental to the decision and, therefore, is controlling in this case. The American Civil Liberties Union Fund urges this Court to decide the question of waiver on behalf of defendant and other similarly situated defendants. Amicus curiae Saginaw

County Prosecuting Attorney agrees that the *Halbert* majority expressly determined that Halbert did not waive his right to appointed counsel, but advances the position that *Halbert* did not hold that a defendant may not, under appropriate circumstances, waive such a right. We need not, and do not, decide this latter question.

### VI. CONCLUSION

We hold that pursuant to *Halbert*, defendant was entitled to the appointment of appellate counsel to seek leave to appeal to this Court. Further, defendant did not waive his right to the appointment at the time of entering his guilty plea on the basis of the circuit court's mere advisement that waiver would occur, MCL 770.3a(4). We vacate the circuit court's opinion and order to the extent that it is inconsistent with this opinion.

We decline to address the merits of defendant's substantive claim that his plea must be vacated. The merits of this claim are properly addressed in the context of defendant's pursuit of leave to appeal his conviction.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

ZAHRA, P.J. (*concurring*). I agree with the majority that defendant is entitled to the appointment of appellate counsel to seek leave to appeal his conviction to this Court, regardless of whether he purported to waive his right to counsel before entering his guilty plea. Simply stated, defendant's constitutional rights were violated when MCL 770.3a compelled him to forgo appointment of appellate counsel in order to enter his guilty plea. I write separately to make clear that defendant here

timely filed an application for leave to appeal in this Court. Accordingly, not only is the majority opinion moot, as it concedes, but wholly unnecessary because preserved appellate claims do not evade judicial review. See *Federated Publications, Inc v City of Lansing*, 467 Mich 98, 112-113; 649 NW2d 383 (2002). Further, although I concur with the majority opinion that appellate counsel should be appointed for defendant, I would not reverse the trial court's order denying defendant appellate counsel; rather, I would simply affirm the trial court's subsequent order granting defendant appellate counsel.