*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 2, 2020

Plaintiff-Appellee,

v

No. 345785
St. Clair Circuit Court
LC No. 17-001961-FH

RYAN HUNTER MORSE,

Defendant-Appellant.

Before: MURRAY, C.J., and SAWYER and GLEICHER, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's order requiring defendant to pay $1,800 in restitution.[2] Defendant pleaded guilty to second-degree home invasion, MCL 750.110a(3). Defendant was sentenced to 18 months to 15 years' imprisonment for the second-degree home invasion conviction. On appeal, defendant argues that the trial court's $1,800 restitution order was not supported by facts in the record, and constituted a violation of his right to due process. We affirm.

## I. FACTUAL HISTORY

On February 1, 2017, defendant entered the victims' home, located in St. Clair, Michigan. Defendant brought a bag with him to the victims' home. No one was at the victims' home when defendant entered through the front door and without permission. Defendant knew that the victims kept their front door unlocked because defendant knew the victims very well, and defendant was best friends with the victims' son.

---

[1] *People v Morse*, unpublished order of the Court of Appeals, entered December 13, 2018 (Docket No. 345785).

[2] Defendant was charged with second-degree home invasion, MCL 750.110a(3), and larceny in a building, MCL 750.360. According to defendant's plea agreement, the charge for larceny in a building was dismissed. Defendant pleaded guilty only to second-degree home invasion.

While inside of the victims' home, defendant took approximately $460 in coins from various jars placed throughout the victims' home, and put the coins into the bag defendant had brought with him. Defendant left the victims' home with the coins, intending to deprive the victims of that money. Defendant was charged with second-degree home invasion, MCL 750.110a(3), and larceny in a building, MCL 750.360. Defendant pleaded guilty to second-degree home invasion, in exchange for the prosecution's dismissal of the larceny charge. When the trial court asked how much defendant owed in restitution, defense counsel indicated that the prosecution sought $1,800 to $2,000 in restitution on the basis of the victims' claim. Defense counsel did not contest that defendant would owe restitution as part of defendant's sentencing, however, defense counsel disputed the $1,800 to $2,000 amount claimed by the victims. The trial court accepted defendant's guilty plea, and stated that the probation department would look into the amount taken from the victims' home.

At defendant's sentencing hearing, defense counsel stated that he discussed the probation department's presentence investigation report (PSIR), which indicated that the victims claimed defendant took approximately $460 in cash from the victims' home, and that the probation department recommended defendant pay $1,800 in restitution. When the trial court asked whether defendant had any challenges to the content of the PSIR, or any challenges to the scoring of the guidelines, defense counsel expressed concern about the probation department's recommended sentence, but did not challenge the recommended amount of restitution. Further, defense counsel said defendant was unable to re-establish trust with the victims, that defendant was willing to do whatever he has to do to try to make things right, and that although defendant had the ability to pay *that* restitution figure, that it is never going to put the victims whole. In consideration of the amendment to the guidelines, the trial court disregarded the high end of defendant's sentence in lieu of 18 months' imprisonment in custody of the Michigan Department of Corrections, ordered restitution of $1,800, and permitted defendant to be considered for boot camp at the discretion of the Department of Corrections. The trial court sentenced defendant to 18 months to 15 years' imprisonment.

After defendant was released from prison, defendant filed a motion to reissue the judgment of sentence (JOS) to reduce his restitution amount, asserting that he only stole $400 from the victims, but was ordered to pay $1,800 in restitution. The trial court found that it considered the boot camp recommendation if restitution was set at $1,800, and that it believed other matters were included in the restitution figure. The trial court stated that defendant "got the benefit of the bargain," and denied defendant's motion to reissue the JOS to reduce defendant's restitution amount.

## II. RESTITUTION ORDER

On appeal, defendant argues that the trial court's $1,800 restitution order was not supported by facts in the record and constituted a violation of his rights to due process. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

When a "[d]efendant fail[s] to object to the restitution order at the time of sentencing," the issue is an "unpreserved nonconstitutional issue." *People v Newton,* 257 Mich App 61, 68;

665 NW2d 504 (2003). Defendant failed to object to the trial court's restitution order at the time of sentencing; thus, defendant's restitution issue is unpreserved.

In general, "[t]his Court reviews de novo '[t]he proper application of . . . statutes authorizing the assessment of restitution at sentencing. . . .' " *People v Bryant*, 319 Mich App 207, 210; 900 NW2d 360 (2017) (citation omitted). "[A] trial court's factual findings" are reviewed "for clear error and a trial court's calculation of restitution for an abuse of discretion." *Id*. (citation omitted). Because defendant failed, however, at sentencing to object to the restitution award, the issue is reviewed for plain error. *People v Carines*, 460 Mich 750, 752-753; 597 NW2d 130 (1999) (citations omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763-764 (citations omitted). The third aspect of the plain error test requires a showing of prejudice. *Id*. Reversal is warranted only where the plain error leads to "the conviction of an actually innocent defendant," or affects the "fairness, integrity, or public reputation" of the judicial proceeding. *Id*. at 763-764.

## B. ANALYSIS

Defendant argues that the trial court's $1,800 restitution order was improper because it was not supported by facts in the record, and constituted a violation of his right to due process.

Defendant pleaded guilty and was convicted of second-degree home invasion, MCL 750.110a(3). The charge of larceny in a building, MCL 750.360, a four-year felony, was dismissed. MCL 750.110a(3) states:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.

Defendant does not challenge his conviction of this offense on appeal. Rather, defendant solely disputes the trial court's award of $1,800 in restitution to the victims.

At the outset, it is noteworthy, that defendant frames his issue on appeal as a violation of his constitutional right to due process, arguing that the trial court, in imposing excessive restitution, did not rely on accurate information, resulting in an invalid sentence. In support of this argument, defendant cites to *Apprendi v New Jersey*, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), and various progeny, to argue that "monetary penalties are to be treated in the same way as other penalties for Sixth Amendment purposes[.]"

In addressing defendant's contentions of error regarding the imposition of the restitution amount by the trial court as excessive, it is unnecessary to address the issue from the perspective of a constitutional challenge. "[P]ursuant to the widely accepted and venerable rule of constitutional avoidance," this Court may instead pursue a resolution premised on statutory

analysis and caselaw. *People v McKinley*, 496 Mich 410, 415-416; 852 NW2d 770 (2014) (citation omitted). As is routinely recognized, "[I]f a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter." *Ashwander v Tenn Valley Auth*, 297 US 288, 347; 56 S Ct 466; 80 L Ed 688 (1936) (BRANDEIS, J., concurring). As such, defendant's restitution claim is addressed from the perspective of applicable statutes and caselaw.

In addition, this Court notes that defendant's issue is subject to forfeiture. Michigan law clearly distinguishes between " 'forfeiture' and 'waiver.' Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.' " *People v James*, 272 Mich App 182, 195; 725 NW2d 71 (2006) (citations omitted).

At the plea hearing, defendant disputed the amount of restitution, which was estimated to be between $1,800 and $2,000. The trial court indicated that the probation department would "look into" determining the amount of restitution, in conjunction with the preparation of the PSIR. Defense counsel clarified, after the trial court accepted defendant's guilty plea: "[W]e do not contest the issue of restitution is going to be relevant. . . . [H]e would like to come in on the date of sentencing to have the full amount, if not . . . most of the amount of restitution paid." At the sentencing hearing, restitution was indirectly addressed with the trial court's pronouncement of sentence. Defense counsel indicated, during the proceedings, that defendant understood and was "willing to accept whatever penalty the Court deems appropriate and fair today," and that defendant was also "willing to do whatever he has to do to try to make things right." Defense counsel's only direct reference to restitution at sentencing was the following, wherein it was stated in relevant part:

> One of the issues obviously is going to be restitution. Again, trying to put the victim in a position before the crime was committed. And I've talked to [defendant] about that. [Defendant] is working. He has a very good job. He has a driver's license. He understands that some penalty must have to be imposed by the Court today. But it would seem to me he has the ability to pay that restitution figure and that's never going to put the victim whole here. But at least it might attempt to repair some of the damage that is done here.

We conclude that defendant's failure to request an evidentiary hearing on the amount of restitution owed, particularly in light of the specific discussion at the plea hearing as to what amount may be owed, constitutes a waiver of his right to contest the restitution amount. See *People v Gahan*, 456 Mich 264, 276; 571 NW2d 503 (1997) ("at sentencing defendant did not request an evidentiary hearing regarding the amount of restitution that was properly due. This was a waiver of his opportunity for an evidentiary hearing. . . .").

However, even if we construed it as a mere forfeiture, any "error" by the trial court would not be extinguished, but reviewed in accordance with the plain error standard. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (citations omitted).

In general, "[a] crime victim's right to restitution is afforded both by statute and by the Michigan Constitution." *People v Foster*, 319 Mich App 365, 383; 901 NW2d 127 (2017)

(citations, quotation marks, and brackets omitted). "[U]nder the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq*., . . . if a felony (or a misdemeanor punishable by imprisonment for more than one year) results in the loss of a victim's property, the trial court may order the defendant to pay to the victim, as restitution, the value of the property that was lost." *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006), citing MCL 780.766(3). "The prosecution must prove the amount of the victim's loss by a preponderance of the evidence," *id*., citing MCL 780.767(4), and the PSIR may be used to show the amount of the victim's loss, *Bryant*, 319 Mich App at 212 (citations omitted).

Our Supreme Court, in *McKinley*, has specifically examined the language of MCL 780.766(2), governing restitution, and has concluded, in relevant part:

> The plain language of the statute authorizes the assessment of full restitution only for "any victim of the defendant's course of conduct that gives rise to the conviction. . . ." The statute does not define "gives rise to," but a lay dictionary defines the term as "to produce or cause." Random House Webster's College Dictionary (2000), p 1139. Only crimes for which a defendant is charged "cause" or "give rise to" the conviction. Thus, the statute ties "the defendant's course of conduct" to the convicted offenses and requires a causal link between them. It follows directly from this premise that any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution against a defendant. Stated differently, while conduct for which a defendant is criminally charged and convicted is necessarily part of the "course of conduct that gives rise to the conviction," the opposite is also true; conduct for which a defendant is not criminally charged and convicted is necessarily not part of a course of conduct that gives rise to the conviction. Similarly, the statute requires that "any victim" be a victim "of" the defendant's course of conduct giving rise to the conviction, indicating that a victim for whom restitution is assessed need also have a connection to the course of conduct that gives rise to the conviction. Allowing restitution to be assessed for uncharged conduct reads the phrase "that gives rise to the conviction" out of the statute by permitting restitution awards for "any victim of the defendant's course of conduct" without any qualification. [*McKinley*, 496 Mich at 419-420.]

When MCL 780.766(2) is read in *pari materia*, with MCL 780.767 of the Crime Victim's Rights Act, our Supreme Court has specifically noted:

> MCL 780.767, for example, sets forth the factors for consideration and the burden of proof in setting the amount of restitution. MCL 780.767(1) provides that "[i]n determining the amount of restitution to order under [MCL 780.766], the court shall consider the amount of the loss sustained by any victim as a result of the offense." Similarly, MCL 780.767(4) provides that "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the prosecuting attorney." "[T]he offense" in MCL 780.767 can only refer to the offense of which the defendant was convicted, because it is that "offense" that makes him subject to being ordered to pay restitution in the first place. Thus, these provisions further reinforce our conclusion that MCL

780.766(2) requires a direct, causal relationship between the conduct underlying the convicted offense and the amount of restitution to be awarded. [*McKinley*, 496 Mich at 420-421.]

Consequently, restitution cannot be authorized, or assessed on the basis of uncharged conduct. *Id.* at 421. As such, the trial court's $1,800 restitution order appears unauthorized because it is not premised on, and exceeds, the actual assertion of loss set forth by the victims, regarding defendant's removal of approximately $460 in cash from their home, necessitating remand to the trial court to discern the actual loss incurred by the victims resulting from defendant's charged conduct. Any suggestion by the trial court that the ordered restitution also encompassed the value of loss of items related to defendant's uncharged conduct is contrary to the strictures recognized in *McKinley*, 496 Mich at 420.

However, exceptions to the referenced rules of restitution have been identified, such as when "restitution is part of a negotiated plea agreement." *Foster*, 319 Mich App at 379. This Court has specifically determined that a defendant's due process right is not "implicated when the defendant expressly agrees to pay restitution to receive the benefit of a bargain struck with the prosecution." *Id.* at 382. The trial court relied on this exception when it denied defendant's postjudgment motion to amend the restitution award. The trial court, citing to its ruling at sentencing, indicated that the $1,800 was part and parcel of the plea and sentencing agreement. At sentencing, the trial court stated:

> There has been some thought that even from the victim that after a certain point in time, may be even after incarceration for a while that boot camp may be the appropriate place for you. I think that's probably sensible. And what I will do is because of the amendment to the guidelines, instead of the high end, I will strike that in lieu of 18 months committed to the Michigan Department of Corrections with restitution of $1,800. Credit would be given for two days served. You will be serving 18 months to 15 years max [sic] with two days served. . . . As indicated, I believe–I am willing to indicate that work program may be considered by the Department of Corrections. If so we will have an option of not only when it will be but should be granted at one point and I will be glad to take a look at that and have it reviewed by the probation department and get their recommendation and proceed from there.

The trial court also reaffirmed, at sentencing, that it had recommended boot camp for defendant in accordance with the plea agreement. The trial court viewed its explanation and imposition of its sentencing decision, as "a bargain struck that I will give [defendant] boot camp if [defendant] agree[s] that restitution is $1,800. He got the benefit of the bargain." As such, the trial court's statement at sentencing does suggest that the amount of restitution was part of the plea bargain accepted by defendant in exchange for other considerations, such as boot camp, and a potentially shorter period of incarceration. Any suggestion that defendant's dispute of the restitution amount at the plea hearing negates its inclusion or consideration in the plea agreement or negotiations is obviated by defendant's lack of objection and implied acceptance of the restitution amount at sentencing. Under this scenario, construing the restitution amount as part of the plea negotiation, defendant would not be entitled to amendment of the restitution order.

Finally, there exists a procedural basis for the rejection of defendant's claim on appeal. After an order of restitution has been entered, a trial court can amend the order in accordance with MCL 780.766(22), which states: "The court *may* amend an order of restitution entered under this section on a motion by the prosecuting attorney, the victim, or the defendant *based upon new information* related to the injury, damages, or loss for which the restitution was ordered." (Emphasis added.) The language of the cited statutory provision indicates the discretionary nature of the trial court's authority to amend an order of restitution. See *Gubachy*, 272 Mich App at 712 ("[T]he word 'may' . . . is permissive and therefore indicative of discretion."). To solicit the trial court's discretion to amend an order of restitution, the individual seeking the amendment must proffer the trial court "*new* information related to the injury, damages, or loss for which the restitution was ordered." MCL 780.766(22) (emphasis added). Emphasizing the requirement that any information presented to the trial court to obtain amendment of a restitution order must be "new" makes clear that such a postjudgment motion is not the time to dispute or challenge that the information available at the time of sentencing was inadequate for the amount of restitution imposed.

In this instance, defendant fails to come forward with "new" information to support his petition to amend the restitution order. The $1,800 restitution was suggested at both the plea hearing and at sentencing, without specific objection by defendant. Essentially, defendant contends the restitution award imposed by the trial court was arbitrary or without a factual basis, thereby necessitating its correction. In doing so, defendant appears to be attempting to circumvent the requirements of MCL 780.766(22) by bringing in the trial court a motion to reissue his JOS, in accordance with MCR 6.428 (permitting reissuance of a judgment on the basis of deficient performance by counsel to effectuate an appeal of right) and MCR 6.429(B)(3) (governing timing for the filing of a motion to correct an invalid sentence) in order to amend the restitution award. Regardless, given the late date of defendant's attempt to amend the restitution order, he cannot avoid the requirement of MCL 780.766(22).

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer