PEOPLE v BILLINGS
PEOPLE v SHIVELY

Docket Nos. 282131 and 284474. Submitted April 8, 2009, at Lansing. Decided April 23, 2009, at 9:00 a.m.

Karen S. Billings and Gordon L. Shively were each charged in the Saginaw Circuit Court with participating in a criminal enterprise, forgery, and uttering and publishing a forged financial instrument. Both defendants pleaded guilty of participating in a criminal enterprise in exchange for the dismissal of the other charges. Before accepting their pleas, the court, Robert L. Kaczmarek, J., advised the defendants that a guilty plea would waive certain rights, including any right to appointed appellate counsel. At the time of the defendant's pleas, *Halbert v Michigan*, 545 US 605 (2005), had been decided. That case had declared MCL 770.3a— which prohibited a court from appointing appellate counsel for a defendant who pleaded guilty, guilty but mentally ill, or no contest except under limited circumstances—unconstitutional. 2006 PA 655 repealed MCL 770.3a effective January 9, 2007. Billings's plea was tendered before MCL 770.3a was repealed, and Shively's plea was tendered after MCL 770.3a was repealed. Billings received a minimum sentence of 72 months of imprisonment, which was reduced to 51 months on resentencing. Shively, who was sentenced pursuant to an agreement complying with *People v Cobbs*, 443 Mich 276 (1993), received a minimum sentence of 78 months. The defendants appealed their convictions and sentences. The Court of Appeals remanded their cases for the appointment of appellate counsel, who were directed to address, among other things, the issue whether a waiver of the right to appointed appellate counsel can be made a condition for the acceptance of a guilty plea.

The Court of Appeals *held*:

1. A trial court may not impose as a condition for a guilty plea a waiver of the right to appointed appellate counsel. *Halbert* held that an application for leave to appeal in the Michigan Court of Appeals is a first-tier review such that an indigent defendant has a right under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the appointment of appellate counsel. For indigent defendants, like Billings, whose

pleas were taken after *Halbert* was issued but before MCL 770.3a was repealed, there can be no finding of waiver because those defendants could not have clearly understood that they had the right to appointed counsel and could not have executed a knowing and intelligent waiver of the right. For indigent defendants like Shively, a waiver of the right to appointed appellate counsel that is imposed as a condition for a guilty plea would violate equal protection and due process. Moneyed defendants, solely on the basis of financial status, would have greater access to first-tier appellate review than indigent defendants. Unrepresented and indigent defendants would be ill-equipped to represent themselves on first-tier review.

2. Billings's claim that offense variable 12, MCL 777.42, was improperly scored is moot in light of the fact that the relief sought has already been granted at her resentencing.

3. Shively's plea was supported by a sufficient factual basis. A conviction for conducting a criminal enterprise requires, among other things, a pattern of racketeering. MCL 750.159g defines "racketeering" to include committing an offense for financial gain that involves one of several statutes. MCL 750.159jj refers to "[a]n offense committed within this state or another state that constitutes racketeering activity as defined in [18 USC 1961(1)]." 18 USC 1961(1) defines "racketeering activity" to include offenses under 18 USC 1344, which proscribes defrauding a financial institution and obtaining money by means of false or fraudulent pretenses, which would necessarily include uttering and publishing, as charged against Shively.

4. Shively is not entitled to a resentencing on the basis of the alleged improper scoring of several prior record variables and offense variables. The prior record variables were correctly scored. One offense variable was improperly scored and another may have been. However, the defendant was sentenced pursuant to a *Cobbs* agreement and the minimum sentence he received pursuant to that agreement is lower than the range that would result from a rescoring of the sentencing guidelines.

Affirmed.

CONSTITUTIONAL LAW — GUILTY PLEAS — APPOINTMENT OF COUNSEL — RIGHT TO APPOINTED APPELLATE COUNSEL — WAIVER OF RIGHT TO APPOINTED APPELLATE COUNSEL.

A trial court may not, as a condition for a guilty plea, impose a waiver of the right to appointed appellate counsel (US Const, Am XIV).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *Randy L. Price* and *J. Thomas Horizny*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Peter Jon Van Hoek*) for Karen S. Billings.

*Sturtz & Sturtz, P.C.* (by *A. Lee Sturtz*), for Gordon L. Shively.

Before: BANDSTRA, P.J., and WHITBECK and SHAPIRO, JJ.

SHAPIRO, J. These consolidated appeals involve defendants who pleaded guilty of crimes after the United States Supreme Court issued *Halbert v Michigan*, 545 US 605; 125 S Ct 2582; 162 L Ed 2d 552 (2005), which declared MCL 770.3a unconstitutional. In both cases, the trial court elicited an acknowledgement from defendants that they understood they were waiving their right to appellate counsel appointed at taxpayers' expense as a condition of their plea. Both defendants filed pro per and delayed applications for leave to appeal. This Court remanded both cases to the trial court for appointment of counsel and directed appellate counsel to address whether a defendant can waive the right to appointed appellate counsel as a plea condition imposed by the trial court, which right otherwise attaches pursuant to *Halbert*.[1] We hold that a trial court may not impose waiver of appointed appellate counsel as a plea condition. With respect to defendants' other issues, we affirm both convictions and sentences.

---

[1] *People v Shively*, unpublished order of the Court of Appeals, entered September 4, 2008 (Docket No. 284474); *People v Billings*, unpublished order of the Court of Appeals, entered June 27, 2007 (Docket No. 277269).

## I. FACTUAL BACKGROUND

Defendants Karen Billings and Gordon Shively, sister and brother, were initially charged in a multicount information alleging participation in a criminal enterprise, MCL 750.159j(1), forgery, MCL 750.248, and uttering and publishing a forged financial instrument, MCL 750.249. Each defendant agreed to enter a guilty plea to the criminal enterprise count in exchange for dismissal of the remaining counts. At their separate plea hearings, the trial court informed each of them that in addition to the trial rights they were giving up by entering the guilty plea, they were also "giving up any right you may have to have an attorney appointed at public expense to assist you in filing an application for leave to appeal, or any other post-conviction remedies." Each defendant indicated his or her acknowledgement.

## II. WAIVER OF APPELLATE COUNSEL

Defendants argue that the trial court violated their Sixth Amendment right to appellate counsel pursuant to *Halbert* by requiring them to waive their right to appointed appellate counsel in order to plead guilty. We review de novo issues involving questions of constitutional law. *People v Scott*, 275 Mich App 521, 526; 739 NW2d 702 (2007).

### A. MOOTNESS

The prosecution argues that this Court should not address this issue because it is moot, as defendants have been provided with appellate counsel. As an initial matter, we fail see how this issue is moot, as we specifically ordered appellate counsel to raise it when we remanded for the appointment of counsel. Moreover, even if we were inclined to agree that the issue is moot, we

conclude that the issue should still be addressed "because it is one that pertains to similarly situated defendants, and is capable of repetition, yet may evade judicial review." *People v James*, 272 Mich App 182, 184; 725 NW2d 71 (2006), citing *Federated Publications Inc v City of Lansing*, 467 Mich 98, 112; 649 NW2d 383 (2002).

### B. CASELAW

#### 1. *HALBERT v MICHIGAN*

Following a voter-approved constitutional amendment in 1994 that limited appeals by those who plead guilty or nolo contendere to appeals by leave granted by the court, Const 1963, art 1, § 20, our Legislature enacted MCL 770.3a, which prohibited a court "from appointing appellate counsel for a defendant who pleaded guilty, guilty but mentally ill, or nolo contendere, except under limited, specified circumstances." *James, supra* at 187. Under MCL 770.3a(4), a trial court was required to advise the defendant that, except under certain circumstances, if the guilty plea was accepted by the court, the defendant waived the right to an attorney appointed at public expense to file an application for leave to appeal or assist the defendant in other postconviction matters.

In 2005, the United States Supreme Court issued *Halbert*, holding that an application for leave to appeal in this Court was a first-tier review such that an indigent defendant had a constitutional right under the due process and equal protection clauses of the Fourteenth Amendment to the appointment of appellate counsel. *Id.* at 610. It further concluded that Halbert had not waived his right to appellate counsel because

[a]t the time he entered his plea, Halbert, in common with other defendants convicted on their pleas, had no recognized right to appointed appellate counsel he could elect to

forego. Moreover, as earlier observed, the trial court did not tell Halbert, simply and directly, that in his case, there would be no access to appointed counsel. [*Id.* at 623-624.]

### 2. *PEOPLE v JAMES*

This Court first addressed *Halbert*'s implications in *James, supra* at 184, in which the lower court had denied appellate counsel on the basis of MCL 770.3a before the *Halbert* decision. *James, supra* at 184. After *Halbert* was issued, the defendant in *James* requested reconsideration of the denial of appellate counsel. *Id.* at 185. The trial court again denied the defendant's request for counsel, concluding that *Halbert* did not require the appointment of appellate counsel for indigent defendants convicted by plea before *Halbert* was decided. *Id.* The trial court also reasoned that even if *Halbert* applied, the defendant had waived his right to appointed appellate counsel and concluded that the language in *Halbert* regarding waiver was "merely dictum." *Id.* at 193. This Court disagreed, stating that the waiver issue was necessary to the disposition of *Halbert* because there would have been no reason to remand for the appointment of counsel if he had waived the right. *Id.* at 194. "The [Supreme] Court's analysis and conclusion logically reasoned that if no right exists, it follows that one cannot knowingly and intelligently elect to forgo that right." *Id.* This Court concluded that the defendant's situation was identical to that in *Halbert*, and determined that there was no waiver because "there was no recognized right that he could elect to forgo." *Id.* at 195.

### 3. *PEOPLE v MIMS*

Although *Halbert* was issued on June 23, 2005, the repeal of MCL 770.3a was not effective until January 9,

2007. This led to the confusing result that "despite *Halbert*, a Michigan statute still stated that indigent defendants for the most part had no right to appointed counsel to challenge guilty pleas, at least until the repeal of MCL 770.3a became effective on January 9, 2007." *People v Mims*, unpublished memorandum opinion of the Court of Appeals, issued June 12, 2008 (Docket No. 276601), at 1. In *Mims*, a panel of this Court determined that under these circumstances,

> notwithstanding that the pronouncement in *Halbert* afforded defendant the right to appointed appellate counsel, defendant's presumptive knowledge of that right would at best have been ambiguous when she entered her plea in March 2006. If defendant could not have clearly understood that she had the right to appointed counsel, she obviously could not have executed a knowing and intelligent waiver of this right. [*Id.* at 1-2.]

However, because this opinion was unpublished, it provided no authority for similarly situated defendants.

### C. APPLICATION TO DEFENDANTS BILLINGS AND SHIVELY

Here, defendants are differently situated from the defendants in *Halbert* and *James*. Defendant Billings's plea was taken on November 6, 2006, after *Halbert* but before the repeal of MCL 770.3a, placing her in the same position as the defendant in *Mims*. Defendant Shively's plea was tendered on August 21, 2007, after the repeal was effective, at a time when he clearly had the right to the appointment of appellate counsel.

Looking first at defendant Billings, we are persuaded by the reasoning in *Mims* and conclude that for those indigent defendants whose pleas were taken after *Halbert* was issued, but before the repeal of MCL 770.3a, there can be no finding of waiver. Because indigent defendants whose pleas were taken after June 23, 2005,

but before January 9, 2007, could not have clearly understood that they had the right to appointed counsel, they could not have executed a knowing and intelligent waiver of this right.

Regarding defendant Shively, this Court has not yet addressed the situation in which a trial court imposed a waiver of the unambiguous right to appointed appellate counsel as a condition of a defendant's plea. Given the date of Shively's plea, this issue is now squarely before us. We need not look very far for our answer, however. In *Halbert*, the Supreme Court noted:

> We are unpersuaded by the suggestion that, because a defendant may be able to waive his right to appeal entirely, Michigan can consequently exact from him a waiver of the right to government-funded appellate counsel. . . . Many legal rights are "presumptively waivable," . . . and if Michigan were to require defendants to waive all forms of appeal as a condition of entering a plea, that condition would operate against moneyed and impoverished defendants alike. A required waiver of the right to appointed counsel's assistance when applying for leave to appeal to the Michigan Court of Appeals, however, would accomplish the very result worked by Mich Comp Laws Ann § 770.3a (West 2000): It would leave indigents without access to counsel in that narrow range of circumstances in which, our decisions hold, the State must affirmatively ensure that poor defendants receive the legal assistance necessary to provide meaningful access to the judicial system. [*Halbert, supra* at 624 n 8 (citations omitted).]

This language unambiguously indicates that the United States Supreme Court would hold unconstitutional the practice of imposing a waiver of appointed appellate counsel as a plea condition.

Our own analysis results in the same conclusion. MCR 6.302 outlines the procedure for taking a guilty plea. Pleas must be "understanding, voluntary, and

accurate." MCR 6.302(A). In order to ensure this standard is met, the court must advise the defendant that he or she is giving up the right to a trial and all the rights associated with it, including the rights to a jury trial, to the presumption of innocence, to proof of guilt beyond a reasonable doubt, to confront and question the witnesses against the defendant, to call witnesses on the defendant's behalf, to remain silent and not have the silence used against the defendant, and to testify at trial. MCR 6.302(B)(3). A defendant must also give up the right to challenge the plea with a claim of coercion or undisclosed threats or promises and the right to an appeal as of right. MCR 6.302(B)(4) and (5). Each of these rights attaches equally to both moneyed and indigent defendants. The same is not true of appointed appellate counsel. Indigent defendants, by definition, cannot afford appellate counsel. Accordingly, moneyed defendants tendering guilty pleas would have greater access to first-tier appellate review than indigent defendants solely on the basis of the moneyed defendants' financial status. This is the very essence of an equal protection violation: "The equal protection concern relates to the legitimacy of fencing out would-be appellants based solely on their inability to pay core costs . . . ." *Halbert, supra* at 610-611 (quotation marks and citations omitted).

The imposed waiver also violates the Due Process Clause. The United States Supreme Court held MCL 770.3a unconstitutional because it recognized that "indigent defendants pursuing first-tier review in the Court of Appeals are generally ill equipped to represent themselves." *Id.* at 617. The Supreme Court noted that attorneys review the record, research issues, and prepare a brief reflecting their analysis—tasks that would be onerous and intimidating for many indigent defendants. *Id.* at 619-621. "Navigating the appellate process

without a lawyer's assistance is a perilous endeavor for a layperson, and well beyond the competence of individuals . . . who have little education, learning disabilities, and mental impairments." *Id.* at 621. It also noted that appeals from guilty pleas are not necessarily routine and can involve complex issues and constitutional claims. *Id.* at 621-622. It concluded that even the procedures for seeking leave to appeal in Michigan would be intimidating to those without counsel. *Id.* at 622.

Remarkably, the waiver imposed by the trial court as a condition of defendants' pleas was even broader than the one required by MCL 770.3a. Here, the trial court extracted an absolute waiver of appointed counsel, whereas under MCL 770.3a, there were some exceptions. We fail to understand how imposing a waiver even broader than the one declared unconstitutional in *Halbert* could somehow render it constitutional. We hold that a trial court may not impose a waiver of appointed appellate counsel from a defendant before accepting a guilty plea and that doing so is unconstitutional.

### III. DEFENDANT BILLINGS'S REMAINING CLAIM

Defendant Billings's remaining claim on appeal is that the trial court erred in scoring offense variable (OV) 12, MCL 777.42.

Billings was initially sentenced on December 4, 2006. Her trial counsel objected to the scoring of OV 13, MCL 777.43, on the basis of the age and nature of her prior convictions, and the trial court agreed to deduct the 10 points that had been assessed. No objections were made to the other scores, including the 25 points scored under OV 12. Given the OV 13 scoring change, defendant's minimum sentence fell within the D-III range of 57 to

142 months of imprisonment. The trial court sentenced defendant within the guidelines to a minimum sentence of 72 months.

Defendant argued on appeal that OV 12 was improperly scored at 25 points because there was no evidence that defendant ever committed a felonious criminal act against a person, let alone a contemporaneous act within 24 hours of the subject crime. She argued that a score of 5 or 10 points would place her minimum sentence in the D-II range of 51 to 127 months and a score of 1 point would place her minimum sentence in the D-I range of 36 to 90 months. Because both of those ranges were below the erroneous D-III range, she argued she was entitled to resentencing.

However, while this appeal was pending, her appellate counsel moved in the trial court for resentencing, arguing the same improper scoring of OV 12 that she raised in this appeal. The trial court granted the motion. At the resentencing hearing, defendant was scored 10 points for OV 12 and was resentenced within the recalculated D-II guideline range to a prison term of 51 months to 40 years. Because defendant has already received the relief that she requested, this issue is moot. See *Michigan Nat'l Bank v St Paul Fire & Marine Ins Co*, 223 Mich App 19, 21; 566 NW2d 7 (1997) ("An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief.").

#### IV. DEFENDANT SHIVELY'S REMAINING CLAIMS

Defendant Shively offers two additional claims on appeal. We note that Shively did not raise these issues in his in pro per application for leave. We are also aware that this Court's order indicated that leave to appeal was granted with respect to the issue raised in the

application. However, in light of the conclusion that Shively was entitled to appellate counsel, we see no reason to limit his appeal to the singular issue of the waiver of appellate counsel raised in his in pro per brief, rather than letting appellate counsel review the record for any potential issues. Moreover, this is precisely what a different panel of this Court permitted for Billings. Rather than grant leave on her pro per brief, the case was remanded for the appointment of counsel such that appointed counsel could file an application for leave to pursue whatever issues it found. *Billings, supra.* In light of our power to consider issues not raised on appeal, *Tingley v Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004), we choose to address Shively's other issues.

The first is that there was an insufficient factual basis for his plea. Shively filed a motion to withdraw his plea after sentencing, pursuant to MCR 6.310(B), which the trial court denied. We review a trial court's decision on a motion to withdraw a plea for an abuse of discretion. *People v Wilhite*, 240 Mich App 587, 594; 618 NW2d 386 (2000).

The trial court held:

> Defendant argues that the taking of his guilty plea . . . was not accurate. A guilty plea is "accurate" if the evidence supports a finding that the defendant is guilty of the offense charged. MCR 6.302(D)(1). Having reviewed the record, the Court determines, as it did at the time it accepted the plea, that the evidence offered supports the finding that Defendant is guilty of the offenses to which he pled and was later sentenced. Therefore, the Court finds that no error occurred in the plea-taking which warrants withdrawal of the Defendant's guilty plea.

After reviewing the record, we find no abuse of discretion. A conviction for conducting a criminal enterprise

pursuant to MCL 750.159j(1) and MCL 750.159i(1) requires, among other things, "a pattern of racketeering activity." MCL 750.159g defines "racketeering" to include committing "an offense for financial gain" that involves one of a number of different statutes. Shively argues that none of those statutes involves uttering and publishing. We disagree.

MCL 750.159jj refers to "[a]n offense committed within this state or another state that constitutes racketeering activity as defined in section 1961(1) of title 18 of the United States Code, 18 U.S.C. 1961." 18 USC 1961(1) defines "racketeering activity" to include offenses under 18 USC 1344 (bank fraud), which proscribes defrauding a financial institution and obtaining "any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." This would necessarily include uttering and publishing. Accordingly, there was an adequate factual basis for Shively's plea to the charge of conducting a criminal enterprise.

Shively's remaining claim on appeal is that he is entitled to resentencing on the basis of the erroneous scoring of the guidelines. Shively was sentenced pursuant to a *Cobbs*[2] agreement to a prison term of 78 months to 20 years. He argues that even though he was given the sentence he agreed to at his *Cobbs* hearing, he is entitled to resentencing because there were sentencing errors. Generally, a defendant who voluntarily and understandingly entered into a plea agreement that included a specific sentence waives appellate review of that sentence. *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005). However, at least one panel of this

---

[2] *People v Cobbs*, 443 Mich 276; 505 NW2d 208 (1993).

Court has held that the rule precluding appellate review of a specific sentence imposed pursuant to a plea agreement "does not apply where the specific sentence was based on an improper scoring of the guidelines." *People v Fix*, unpublished opinion per curiam of the Court of Appeals, issued October 25, 2007 (Docket No. 273448), at 1. We conclude that defendant is not entitled to any relief, because even with our corrections to the guidelines scoring, defendant received a sentence that was below the guidelines range.[3]

Shively first argues that prior record variable (PRV) 4, MCL 777.54, was improperly scored at 10 points for adjudications in 1975 and 1978. He concludes that because the date of the offense was May 23, 2006, and the sentencing date was December 3, 2007, a period of more than 10 years had passed such that the convictions could not be used. We disagree. MCL 777.50 provides in relevant part:

> (1) In scoring prior record variables 1 to 5, do not use any conviction or juvenile adjudication that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication.

> (2) Apply subsection (1) by determining the time between the discharge date for the prior conviction or juvenile adjudication most recently preceding the commission date of the sentencing offense. If it is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and determine the time between the commission date of that prior conviction and the discharge

---

[3] Thus, we need not consider whether, if Shively presented an argument warranting relief, that argument would have been waived.

date of the next prior earlier conviction or juvenile adjudication. If that period is 10 or more years, do not use that prior conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and repeat this determination for each remaining prior conviction or juvenile adjudication until a period of 10 or more years is found or no prior convictions or juvenile adjudications remain.

Accordingly, the issue is not whether 10 years had passed between the discharge from his 1975 juvenile adjudication and the present offense, but whether, starting with the present offense, there was ever a gap of 10 or more years between a discharge date and a subsequent commission date that would cut off the remainder of his prior convictions or juvenile adjudications. Our review of the record indicates that no such 10-year period exists. Shively's greatest gap between one discharge and subsequent commission was a discharge in 1997 with a subsequent commission in 2005. Because no gap of 10 or more years ever cut off the progression, all of Shively's juvenile convictions were properly included under the rule.

Shively next argues that PRV 6, MCL 777.56, was improperly scored at 10 points because there was no evidence in the record that he was on parole, probation, or awaiting sentence at the time of the offense. Again, we disagree. MCL 777.56(c) provides for the scoring of 10 points if the defendant is, among other things, "on bond awaiting adjudication or sentencing for a felony," and the presentence investigation report indicates that Shively was on bond for a November 25, 2005, offense at the time he committed the first of these offenses.

We agree with Shively that OV 9, MCL 777.39, was improperly scored. Although OV 9 now includes loss of property, that amendment did not take effect until

March 30, 2007. At the time Shively committed the instant offense, OV 9 only applied to placing people in danger of physical injury. *People v Melton*, 271 Mich App 590, 592; 722 NW2d 698 (2006). Accordingly, Shively should have received 0 points for OV 9, not 10.

Shively next challenges his scores for OV 12. He was scored 10 points for three or more contemporaneous felonious criminal acts involving other crimes. Shively argues that because he pleaded guilty to a single count of criminal enterprise and the other charges of uttering and publishing were dismissed, the requirement of 24 hours or separate convictions was not met. We disagree. Given that the other charges of uttering and publishing were dismissed, they meet the requirement that those acts "ha[ve] not and will not result in a separate conviction." MCL 777.42(2)(a)(*ii*). Additionally, the complaint indicates that Shively forged two separate checks and uttered and published them, all on September 28, 2006, the date for which the criminal enterprise was being conducted. Thus, there were four offenses contemporaneous to the criminal enterprise charge.

Finally, Shively argues that OV 14, MCL 777.44, was improperly scored at 10 points because there was no indication that his role was that of a leader. We need not make a determination on this issue, because even if we agree with him and omitted these 10 points, Shively's computed sentencing guidelines range would not change. Removing the 10 points for OV 9 and another 10 points for OV 14, Shively's minimum sentence range, including his status as a fourth-offense habitual offender is E-IV, or 84 to 240 months—the precise guidelines range scored at sentencing. Given that Shively's *Cobbs* agreement provided him a sentence below the guidelines range, he is not entitled to any relief.

V. CONCLUSION

We affirm both defendants' convictions and sentences. We also hold that trial courts may not impose a waiver of appointed appellate counsel as a plea condition.

Affirmed.