# STATE OF MICHIGAN

# COURT OF APPEALS

---

MICHAEL WENNERS, DAVID CROSS and
SALLY CROSS,

        Plaintiffs-Appellants,

v

MATTHEW D. CHISHOLM, AMY C.
CHISHOLM, also known as AMY C. VOGEL,
CLAUDIA M. WEBB and MARY J. POIRER,

        Defendants,

and

MICHELLE SHAUGHNESSY,

        Defendant-Appellee.

UNPUBLISHED
July 20, 2017

No. 332654
Washtenaw Circuit Court
LC No. 12-001197-CH

---

Before: SERVITTO, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

In this declaratory judgment action, plaintiffs appeal as of right the trial court's order granting summary disposition in favor of defendant, Michelle Shaughnessy. We reverse and remand for further proceedings.

Plaintiffs are adjacent riparian property owners, on Portage Lake in Washtenaw County, whose properties are separated by a foot pathway that runs to the lake. They are involved in a long-running legal dispute regarding use of the pathway with defendants, who are owners of neighboring parcels that are non-riparian back lots, and used the pathway to access the lake and a seasonal dock they place in the water to moor boats. Defendants Matthew and Amy Chisholm moved for summary disposition pursuant to MCR 2.116(C)(5) and (C)(8), which the trial court denied, and additionally filed a separate lawsuit against the unknown owners of the pathway, asserting a prescriptive easement (Washtenaw Circuit Court case 14-107-CH). The Chisolm defendants sought interlocutory appeal of the trial court's denial of their motion for summary disposition. In the meantime, however, they obtained a default judgment in the separate matter against the unknown owner of the footpath. This Court thus ultimately dismissed their appeal as

-1-

moot.[1] Plaintiffs and the Chisolm defendants thereafter signed a consent judgment dismissing the Chisolm defendants from the case.

Thereafter, defendant Michele Shaughnessy (hereafter, defendant) sought dismissal of plaintiffs' claims against her. Defendant relied upon this Court's March 24, 2015 opinion finding the Chisolm defendants appeal moot. According to defendant, because the Chisolm defendants obtained a default judgment against the unknown owners of the footpath and this Court found their appeal regarding summary disposition in the instant matter moot given the default judgment, plaintiffs have no rights or interest in the footpath and thus have no standing to pursue any claims regarding the same against her. Citing MCR 2.116(C)(10) (no genuine issue of material fact), and stating that it found that plaintiffs "lacked standing to pursue the relief requested" the trial court granted defendant's motion. Plaintiffs now appeal as of right from that decision.

This Court reviews a trial court's decision on a motion for summary disposition de novo as a question of law. *Ardt v Titan Ins Co*, 233 Mich App 685, 688; 593 NW2d 215 (1999). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

Plaintiffs first contend that the trial court erred in granting summary disposition in favor of defendant because the trial court relied solely on this Court's mootness ruling in the co-defendants' earlier appeal. We agree.

This Court's decision in the earlier appeal addressed only the issue of mootness, and did not address the issue of standing. The trial court erroneously conflated the separate and distinct legal doctrines of mootness and standing. Plaintiffs' claims against defendant are not moot, and this Court's mootness ruling in the co-defendants' earlier appeal does not require a ruling that plaintiffs lack standing to pursue their claims for declaratory relief against defendant.

> Our Supreme Court has comprehensively summarized the mootness doctrine as follows:
>> It is well established that a court will not decide moot issues. This is because it is the principal duty of this Court . . . to decide actual cases and controversies. That is, the judicial power . . . is the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction. As a result, this Court does not reach moot questions or declare principles or rules of law that have no practical legal effect in the case before it. . . . It is universally understood . . . that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, . . . or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. Accordingly, a case is

---

[1] *Wenners v Chisholm*, unpublished opinion per curiam of the Court of Appeals, issued March 24, 2015 (Docket No. 314938).

moot when it presents nothing but abstract questions of law which do not rest upon existing facts or rights.

> In general, because reviewing a moot question would be a "purposeless proceeding," appellate courts will sua sponte refuse to hear cases that they do not have the power to decide, including cases that are moot. Whether a case is moot is a threshold issue that a court addresses before it reaches the substantive issues of the case itself. [*People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010) (internal quotations and citations omitted).]

Accordingly, an issue is moot when an event occurs that renders it impossible for the reviewing court to grant relief. *C D Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 406; 834 NW2d 878 (2013); *People v Billings*, 283 Mich App 538, 548; 770 NW2d 893 (2009).

This Court's earlier decision regarding mootness of the claims between plaintiffs and the Chisholm defendants does not require a ruling that the claims between plaintiffs and defendant are moot. Defendant was not a party to the "Unknown Owners" case, and the record on appeal does not contain any documentation indicating that defendant has obtained a court ruling declaring that she possesses a prescriptive easement to riparian and water-access rights with regard to the subject real property, as the Chisolm defendants did. Based on the record before this Court, it remains possible to award plaintiffs the relief they seek against defendant. This case does not involve a pretended controversy, and does not involve only "abstract questions of law which do not rest upon existing facts or rights." *Richmond*, 486 Mich at 35. Therefore, the instant appeal is not moot.

The trial court clearly stated that it awarded summary disposition to defendant based solely on this Court's decision in the Chisholm defendants' appeal. Yet, this Court's decision did not mention standing and was not based on a finding that plaintiffs lacked standing to pursue their claims against the Chisholm defendants. The trial court erred in relying solely on this Court's mootness opinion to reach the conclusion that plaintiffs lacked standing to pursue their claims against defendant.

Plaintiffs also contend that they have proper standing to pursue their claim for a declaratory judgment against defendant. We agree.

"Whether a party has standing is a question of law subject to review de novo." *Groves v Dep't of Corrections*, 295 Mich App 1, 4; 811 NW2d 563 (2011). Our Supreme Court recently altered its view of standing to a more "limited, prudential approach," overruling *Lee v Macomb Co Bd of Comm'rs*, 464 Mich 726, 739; 629 NW2d 900 (2001), and directing that plaintiffs need not meet the federal case or controversy standing requirement, i.e., the establishment of a concrete and particularized injury caused directly by the challenged conduct. *Lansing Schs Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 363-366, 372; 792 NW2d 686 (2010). In doing so, the Court reiterated that

> [t]he purpose of the standing doctrine is to assess whether a litigant's interest in the issue is sufficient to "ensure sincere and vigorous advocacy." Thus, the standing inquiry focuses on whether a litigant "is a proper party to request

adjudication of a particular issue and not whether the issue itself is justiciable." [*Id.* at 355 (internal citations omitted).

The purpose of a declaratory action is "to enable the parties to obtain adjudication of rights before an actual injury occurs, to settle a matter before it ripens into a violation of the law or a breach of contract . . . ." *UAW v Central Mich Univ Trustees*, 295 Mich App 486, 496; 815 NW2d 132 (2012). A complaint for a declaratory judgment is brought pursuant to MCR 2.605. Whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. *Id*. at 495.

MCR 2.605(A)(1) provides that, "[i]n a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." Therefore, the proper question is whether an actual controversy exists between plaintiffs and defendant, within the meaning of MCR 2.605(A)(1). As this Court explained in *UAW*, 295 Mich App at 495:

> An "actual controversy" under MCR 2.605(A)(1) exists when a declaratory judgment is necessary to guide a plaintiff's future conduct in order to preserve legal rights. The requirement prevents a court from deciding hypothetical issues. However, by granting declaratory relief in order to guide or direct future conduct, courts are not precluded from reaching issues before actual injuries or losses have occurred. The essential requirement of an "actual controversy" under the rule is that the plaintiff pleads and proves facts that demonstrate an "adverse interest necessitating the sharpening of the issues raised."

Generally, where the injury sought to be prevented is hypothetical, a case of actual controversy does not exist. *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 55; 620 NW2d 546 (2000), citing *Recall Blanchard Comm v Secretary of State*, 146 Mich App 117, 121; 380 NW2d 71 (1985).

In this lawsuit, plaintiffs are riparian property owners with a strip of land running between their properties to Portage Lake. The parties agreed that defendants possessed an ingress and access easement over the southerly portion of this strip of land, ending approximately 90 feet from the lake, but contested defendant's rights concerning the 18-foot wide strip of land within the last 90 feet from the end of the easement to the lake (referred to by the parties as the "Northern Way"). Plaintiffs' properties lie immediately adjacent to the dock erected at the end of the Northern Way, which defendant seeks to access and utilize. Plaintiffs' First Amended Complaint sought a declaratory judgment that defendant did not have riparian rights in Portage Lake, that she did not have the right to access Portage Lake by passing over the strip of land between plaintiffs' real properties, and that she did not have the right to place a dock or moor a boat unattended in the waters of Portage Lake. Plaintiffs argue that the 100-foot long dock moors multiple boats and that its use has negatively impacted access to one of plaintiffs' docks. Plaintiffs argue that they have to contend with the increased traffic and noise created by the neighbors' use of the Northern Way and the dock located at its waterfront terminus, and that

they are differently affected by defendants' use of the dock than other riparian owners on Portage Lake, or the public at large.

We conclude that plaintiffs' interest in the issues presented in this lawsuit is sufficient to ensure sincere and vigorous advocacy, and that a declaratory judgment is necessary to guide the parties' future conduct in order to preserve legal rights. The parties' dispute has been ongoing for multiple years, and presents more than a merely hypothetical question. These parties have demonstrated an adverse interest necessitating the sharpening of the issues raised. Plaintiffs raise significant questions regarding what riparian rights defendant may exercise, and whether defendant's exercise of such riparian rights interfere with plaintiffs' own riparian rights. Because plaintiffs have a sufficient personal stake in the outcome of this litigation that differs from that of the general public, plaintiffs have standing to maintain this suit for declaratory judgment against defendant. The trial court erred in granting the motion for summary disposition based on a perceived lack of standing.

Finally, plaintiffs argue that the trial court should have granted summary disposition in their favor and against defendant, pursuant to MCR 2.116(I), which permits a trial court to render judgment if it appears that the opposing party, rather than the moving party, is entitled to judgment. We disagree.

Plaintiffs rely on affidavits executed by the three named plaintiffs, which were attached as exhibits to plaintiffs' March 15, 2016 brief opposing defendant's renewed motion to dismiss. Those affidavits address whether, in plaintiffs' view, defendant met the elements of adverse possession as to the Northern Way. At oral argument below, plaintiff's counsel made only brief mention of a request that the trial court grant summary disposition in favor of his clients rather than granting summary disposition in favor of defendant. This issue was not sufficiently explored below. Defendant's motion was premised on standing based on the ruling regarding the Chisholm defendants in this Court and on the doctrine of estoppel. Defendant was not on notice before the motion hearing that plaintiffs were pursuing a disposition of the prescriptive easement claim. Defendant was never incentivized or provided the opportunity to cross-examine the plaintiffs, authors of the affidavits, regarding the facts averred in those documents. Plaintiffs never asked the trial court to hold an evidentiary hearing, and a trial has not yet occurred below. The trial court noted that it issued its ruling based only on standing considerations and not based on the affidavits filed by the parties. Furthermore, the trial court never fully explored defendants' estoppel arguments. We conclude that the relevant issues were not sufficiently developed in the trial court to permit this Court to hold that summary disposition should have been granted in plaintiffs' favor pursuant to MCR 2.116(I).

We reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Deborah A. Servitto
/s/ Christopher M. Murray
/s/ Stephen L. Borrello