# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 19, 2019

148981

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

                                        SC: 148981
                                        COA: 319642

PAUL J. BETTS, JR.,
        Defendant-Appellant.
                                        Muskegon CC: 12-062665-FH

_____/

On March 6, 2019, the Court heard oral argument on the application for leave to appeal the February 27, 2014 order of the Court of Appeals. On order of the Court, the application is again considered, and it is GRANTED. The parties shall include among the issues to be briefed: (1) whether the requirements of the Sex Offenders Registration Act (SORA), MCL 28.721 *et seq.*, taken as a whole, amount to "punishment" for purposes of the Ex Post Facto Clauses of the Michigan and United States Constitutions, US Const, art I, § 10; Const 1963, art 1, § 10; see *People v Earl*, 495 Mich 33 (2014), see also *Does #1-5 v Snyder*, 834 F3d 696, 703-706 (CA 6, 2016), cert den sub nom *Snyder v John Does #1-5*, 138 S Ct 55 (Oct 2, 2017); (2) if SORA, as a whole, constitutes punishment, whether it became punitive only upon the enactment of a certain provision or group of provisions added after the initial version of SORA was enacted; (3) if SORA only became punitive after a particular enactment, whether a resulting ex post facto violation would be remedied by applying the version of SORA in effect before it transformed into a punishment or whether a different remedy applies, see *Weaver v Graham*, 450 US 24, 36 n 22 (1981) ("the proper relief . . . is to remand to permit the state court to apply, if possible, the law in place when his crime occurred."); (4) if one or more discrete provisions of SORA, or groups of provisions, are found to be ex post facto punishments, whether the remaining provisions can be given effect retroactively without applying the ex post facto provisions, see MCL 8.5; (5) what consequences would arise if the remaining provisions could not be given retroactive effect; and (6) whether the

answers to these questions require the reversal of the defendant's conviction pursuant to MCL 28.729 for failure to register under SORA.

The Attorney General, the Criminal Defense Attorneys of Michigan, the Prosecuting Attorneys Association of Michigan, and the American Civil Liberties Union of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 19, 2019



Clerk

t0612