*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
August 19, 2021

v

TAUREAN JAMES CARTER,

Defendant-Appellant.

No. 349181
Saginaw Circuit Court
LC No. 14-040405-FC

Before: SAWYER, P.J., and STEPHENS and RICK, JJ.

PER CURIAM.

Defendant entered a plea of no contest to four counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d, and was sentenced as a third-offense habitual offender, MCL 769.11, to serve concurrent sentences of 10 to 15 years' imprisonment. Defendant appeals by leave granted.[1] We vacate the trial court's order denying defendant's motion to withdraw his guilty plea, and remand to the trial court to permit defendant to withdraw his plea.

## I. FACTUAL BACKGROUND

Defendant was 20-years old when he sexually assaulted 12-year-old SB. Defendant was charged with four counts of first-degree criminal sexual conduct (CSC-I) (penetration of victim under 13 by defendant 17 or older), MCL 750.520b(1)(a) and MCL 750.520b(2)(b). On March 1, 2016, defendant entered a plea of no contest to four counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d, as a fourth-offense habitual offender in exchange for a recommendation that his minimum sentence would be capped at 10 years. The record does not indicate that defense counsel informed defendant he was required to register as a sex offender

---

[1] We initially denied defendant's delayed application for leave to appeal. *People v Carter*, unpublished order of the Court of Appeals, July 16, 2019 (Docket No. 349181). However, the Michigan Supreme Court remanded this case for consideration as on leave granted. *People v Carter*, 505 Mich 1021 (2020).

under the Sex Offender Registration Act (SORA), MCL 28.721 *et seq*. The court sentenced defendant to serve concurrent sentences of 10 to 15 years' imprisonment for each count.

Defendant was subsequently resentenced twice. The first resentencing occurred because the judgment of sentence erroneously stated defendant was subject to a 25-year mandatory minimum sentence as a fourth-offense habitual offender. This not only contradicted the 10-year minimum sentence imposed by the court, but was inappropriate given defendant's status as a habitual offender third. The trial court resentenced defendant a second time because the previous sentencing judge inadvertently resentenced defendant to 10 to 30 years' imprisonment without justifying the increase in the maximum sentence. Defendant had also premised his request for resentencing on the alleged mis-scoring of OVs 3 and 4. On April 9, 2018, the trial court resentenced defendant. The record reflects that defendant abandoned his objections to the scoring of OVs 3 and 4. The trial court imposed sentences of 10 to 15 years on each count, concurrent.

Defendant subsequently filed a motion to withdraw his plea on September 28, 2018. He argued, in part, that it was not knowing or voluntary because he was not notified of the SORA registration requirement prior to entering his plea. The trial court denied defense counsel's oral request for a *Ginther*[2] hearing, noting that it would be impractical because defendant's trial counsel was deceased. The trial court also denied defendant's motion to withdraw his plea because he only alleged that he was not informed of the registration requirement during the plea hearing itself, which the trial court was not required to do.

## II. ANALYSIS

Defendant first argues that his plea was not knowing or voluntary because his trial counsel failed to inform him of the SORA registration requirement. We agree.

We review for abuse of discretion a trial court's decision on whether to grant a request for plea withdrawal. *People v Wilhite*, 240 Mich App 587, 594; 618 NW2d 386 (2000). A trial court abuses its discretion when it chooses an outcome that falls outside the range of principled outcomes. *People v Fonville*, 291 Mich App 363, 376; 804 NW2d 878 (2011).

A defendant's no-contest plea "is an admission of all the essential elements of a charged offense and, thus, is tantamount to an admission of guilt for the purposes of the criminal case." *People v Patmore*, 264 Mich App 139, 149; 693 NW2d 385 (2004). For a plea to constitute an effective waiver of rights, due process requires that the plea must be "understanding, voluntary, and accurate." *People v Cole*, 491 Mich 325, 332; 817 NW2d 497 (2012); MCR 6.302(A). A plea is understanding and voluntary if a defendant is "fully aware of the direct consequences of the plea." *Id*. at 333 (cleaned up). "There is no absolute right to withdraw a guilty [or no contest] plea once the trial court has accepted it." *Patmore*, 264 Mich App at 149. A defendant is only entitled to withdraw a plea after sentencing if he demonstrates that there was a defect in the plea-taking process. *People v Brown*, 492 Mich 684, 692-693; 822 NW2d 208 (2012).

---

[2] *People v Ginther*, 390 Mich 436, 442-443; 212 NW2d 922 (1973).

Defendant argues that his plea was not knowing because he was not informed by his defense counsel nor the trial court prior to entering his plea that he was required to register as a sex offender pursuant to SORA. We addressed this issue squarely in *Fonville*, 291 Mich App at 392. In *Fonville*, the defendant entered a guilty plea to one count of child enticement, but his defense counsel failed to inform him prior to entering his plea that he would be required to register as a sex offender. *Id.* at 368, 370. We held that although a trial court is not required to advise a defendant of the collateral consequences of a plea,[3] to satisfy a defense counsel's duty to act as constitutionally competent counsel, counsel must clearly advise a defendant of the sex-offender-registration requirement of a conviction before the defendant enters a plea. *Fonville*, 291 Mich App at 394. "The failure [of counsel] to inform a pleading defendant that the plea will necessarily require registration as a sex offender affects whether the plea was knowingly made." *Id*. at 392. We held that this failure prejudiced the defendant because but for counsel's error, the result of the proceeding would have been different, as "Fonville repeatedly informed the trial court that he would not have pleaded guilty of child enticement if he had known that he would also be required to register as a sex offender." *Id.* at 394.

In this case, just like in *Fonville*, 291 Mich App at 370, there is no evidence that defendant's trial counsel advised him of the registration requirement prior to defendant entering his plea. The only mention of the registration requirement on the record was an off-hand comment by defendant's counsel during defendant's second resentencing hearing that defendant was "going to be on SOR for the rest of his life." However, this fleeting reference falls short of the obligation to advise defendant of the SORA registration requirement, particularly because it occurred more than two years after defendant entered his initial plea. While it is possible that defendant's trial counsel informed defendant of the registration requirement off the record, this cannot be verified as defendant's trial counsel is deceased, and defendant has sworn in his affidavit that counsel did not advise him of the SORA requirement prior to defendant entering his no contest pleas. There is simply no evidence that defense counsel advised defendant of the SORA registration requirement prior to entering his plea. *Fonville* requires that defendant be permitted to withdraw his plea. *Id.*

In light of this resolution, we decline to address defendant's remaining appellate issues, as they are moot. See *People v Billings*, 283 Mich App 538, 548; 770 NW2d 893 (2009) ("Because defendant has already received the relief … requested, this issue is moot. An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief.") (cleaned up).

---

[3] This Court has held that registration as a sex offender is a collateral consequence of a conviction, and that a trial court's failure to inform a defendant of a sex offender registration requirement does not render the plea defective. *Fonville*, 291 Mich App at 386. However, the Michigan Supreme Court has granted leave in *People v Betts*, 504 Mich 893; 928 NW2d 699 (2019), to address the issue of whether SORA, as a whole, constitutes a punishment. However, even if the Michigan Supreme Court determines that SORA registration is not a collateral consequence of a conviction, it would not impact this case because we have concluded that defendant is entitled to withdraw his plea, given his deceased trial counsel failed to advise him, before his plea, that defendant would be subject to SORA requirements. That failure is a constitutional deficiency. *Fonville,* at 395.

We vacate the trial court's order denying defendant's motion to withdraw his guilty plea, and remand to the trial court to permit defendant to withdraw his plea. We do not retain jurisdiction.

/s/Cynthia Diane Stephens
/s/Michelle M. Rick