*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JUSTIN LEE RIMMER,

Defendant-Appellant.

UNPUBLISHED
February 19, 2026
9:02 AM

No. 373950
Hillsdale Circuit Court
LC No. 2024-485703-FH

Before: SWARTZLE, P.J., and MALDONADO and ACKERMAN, JJ.

PER CURIAM.

Defendant was charged with domestic violence under MCL 750.81(5). He reached a plea agreement with the prosecutor, which included a waiver of credit for 120 days of time served in exchange for a reduced sentence of two years' probation with a six-month term of incarceration. Defendant then violated his probation. At sentencing, the trial court terminated defendant's probation, denied defendant's request for the 120 days' jail credit that he previously waived, and sentenced defendant to serve 30 to 60 months' imprisonment with credit for 77 days served after his probation violation. Defendant now appeals by leave granted.[1] We affirm.

Defendant argues on appeal that the trial court erred by denying his motion to receive 120 days' jail credit. We review de novo a defendant's entitlement to credit for time served before criminal sentencing. *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011). Generally, a defendant convicted of a crime is entitled to credit for time served in jail before sentencing. MCL 769.11b. But a defendant who "voluntarily and understandingly" enters into a plea agreement that includes specific sentencing provisions waives appellate review of the sentence. *People v Billings*, 283 Mich App 538, 550; 770 NW2d 893 (2009).

There is no dispute that defendant voluntarily entered into a plea agreement and understandingly waived 120 days' credit for time served in exchange for a reduced sentence.

---

[1] *People v Rimmer*, unpublished order of the Court of Appeals, entered February 10, 2025 (Docket No. 373950).

-1-

Defendant argues on appeal that he is entitled to an extra 120 days' credit pursuant to MCL 769.11b regardless of his plea agreement. At first glance, the fact that defendant violated his probation does not affect the waiver of credit for time served; defendant bargained away the credit in exchange for probation. "Generally, one who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Guichelaar*, 349 Mich App 399 (2023) (cleaned up).

Defendant's brief on appeal is not a model of clarity, and, unfortunately, the prosecutor chose not to file a brief. Defendant does not appear to argue that he did not waive the credit, and he has not cited any support to suggest that he could not waive time credit under MCL 769.11b. Rather, the issue that appears to be before the Court is whether the parties intended for waiver of credit provided by MCL 769.11b to remain a condition in the event defendant violated his probation.

"For a plea to constitute a waiver, it must be intelligently, knowingly, and voluntarily made, meaning, among other requirements, that it be made with sufficient awareness of the relevant circumstances and likely consequences." *Guichelaar*, 349 Mich App at 410. Because plea agreements are contractual in nature, principles of contract interpretation may be applied to plea agreements as long as they do not "subvert the ends of justice." *People v Swirles*, 281 Mich App 133, 135; 553 NW2d 357 (1996). Like a contract, the parties' intent can be determined from the language of the plea bargain. *People v Martinez*, 307 Mich App 641, 651-642; 861 NW2d 905 (2014).

To determine the parties' intent in the plea agreement and whether defendant was sufficiently aware of the likely consequences of waiver, this Court must be able to review the actual language of the plea bargain. The plea agreement was not provided to this Court as part of the lower record. Despite the Court's two requests that defense counsel provide a transcript of the pretrial conference detailing the terms of his plea agreement, counsel declined to provide it. In fact, counsel acknowledged that any issues requiring the pretrial conference transcript would be waived. "Failure to provide this Court with [a] relevant transcript, as required by MCR 7.12(B)(1)(a), constitutes a waiver of the issue." *People v Anderson*, 209 Mich App 527, 535; 531 NW2d 780 (1995) (cleaned up). Because defendant failed to provide the Court with the transcript needed to determine the parties' intent at the time of entering the plea agreement, the issue is waived.

Affirmed.

/s/ Brock A. Swartzle
/s/ Allie Greenleaf Maldonado
/s/ Matthew S. Ackerman